IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 0:02-1173-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| VERNARD JEROME MATHIS | ) | |
| | ) | |

This matter is before the court on the defendant's *pro se* motion pursuant to 28 U.S.C. § 3582(c)(2) for a reduction in his sentence pursuant to U.S.S.G. Amendment 782 and § 404 of the First Step Act of 2018[1] (ECF No. 1312). The government has responded in opposition (ECF No. 1327), and the defendant has replied thereto (ECF No. 1328).

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is denied.

## PROCEDURAL HISTORY

In June 2003, the defendant stood trial for unrelated South Carolina state charges for murder, armed robbery, kidnaping, and first degree burglary. He was convicted of all state charges and was sentenced to five concurrent life sentences that he is now serving in the South Carolina Department of Corrections (SCDC).

In August 2003, the defendant was convicted by a federal jury for engaging in a conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. In May 2005, this court sentenced the defendant to

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

a 360-month term of imprisonment that was to run consecutive to the five life sentences the defendant was serving at SCDC for his state court convictions.

After appealing his federal conviction, the Fourth Circuit Court of Appeals remanded the defendant's case for resentencing based on the lack of a jury determination regarding the drug weight attributable to the defendant. The Fourth Circuit concluded that the defendant's sentence exceeded the statutory maximum prescribed in 21 U.S.C. § 841(b)(1)(C). On remand, this court resentenced the defendant on December 3, 2008 to a 240-month term of imprisonment to run consecutive to the defendant's five life sentences for his state court convictions he is currently serving at SCDC. The Fourth Circuit affirmed the defendant's second appeal of his 240-month sentence.[2]

DISCUSSION

*I. Claim under Amendment 782*

The defendant first requests that his federal sentence be reduced pursuant to Amendment 782 of the U.S. Sentencing Guidelines. Specifically, the defendant asserts that under Amendment 782, his new offense level is 40, not 42 and that his new guideline range would be anywhere from 292 to 447 months to life depending on his criminal history category.[3]

Retroactive Amendment 782 lowered the base offense level for certain drug offenses. It provides that when a defendant's sentencing range has been lowered by the Sentencing

---

[2] *US v. Mathis*, 340 Fed. Appx. 866 (4th Cir. 2009).

[3] The government submits that the defendant would remain a criminal history category V if he were resentenced under Amendment 782, not a category I, II, or III as the defendant suggests.

Commission under the Guidelines pursuant to 28 U.S.C. § 994(u), a court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission.

The government argues that when Amendment 782 is applied to the defendant's guideline range, his amended range remains the same as it was at his resentencing — 360 months to life. This amended 360-month guideline range exceeds the statutory maximum sentence of 240 months available under 21 U.S.C. § 841(b)(1)(C). Therefore, the defendant's hypothetical new guideline sentence would remain 240 months. Moreover, this court may not sentence the defendant below 240 months pursuant to U.S.S.G. § 1B1.10(b)(2)(A) and this court cannot reduce a defendant's sentence below the amended guideline range.

The defendant acknowledges his current federal sentence (which he has not yet began to serve) is below the amended guideline range, but still requests a sentence reduction. Additionally, the government suggests that the defendant seems to be attempting to relitigate a claim that has already been rejected by the Fourth Circuit. Specifically, the defendant attempted to convince the Fourth Circuit that this court abused its discretion in sentencing him to a consecutive sentence rather than a concurrent one. The government suggests that the defendant is seeking to circumvent the Fourth Circuit's ruling and now presents the same argument under the guise of a § 3582(c)(2) claim under Amendment 782.

Regardless of the defendant's intention in raising this claim under Amendment 782,

this court is without authority to reduce his sentence below the amended guideline range.

*II. Claim under Section 404 of the First Step Act*

Alternatively, the defendant argues that his sentence should be reduced pursuant to Section 404 of the First Step Act. He notes that he is now 62 years old and has been continuously incarcerated for more than 25 years. He also argues that making his federal sentence concurrent, rather than consecutive to his 5 state life sentences, would avoid duplicative punishment and better serve the goals of fairness and proportionality under 18 U.S.C. § 3553(a).

The First Step Act of 2018 defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." The First Step Act made retroactive portions of the Fair Sentencing Act of 2010. The Fair Sentencing Act did not expressly amend § 841(b)(1)(C) so it is not a "covered offense." The First Step Act thus authorizes a court to only alter sentences for "covered offenses." *See Dillon v. United States*, 560 U.S. 817, 825, 130 S.Ct. 2683 (2010) (interpreting the language "may reduce the term of imprisonment" in § 3582(c)(2) not to "authorize a sentencing or resentencing proceeding," but providing for a "modification of a term of imprisonment") (cleaned up).

The defendant asserts that the Supreme Court's holding in *Concepcion v. United States*, 597 U.S. 481 (2022) and his general rehabilitation entitle him to be resentened to a concurrent federal sentence or time served. In *Concepcion*, "The First Step Act authorized district courts to 'impose a reduced sentence' for qualifying movants 'as if sections 2 and 3

of the Fair Sentencing Act…were in effect at the time the covered offense was committed." *Id*. at 488. Section 2 and Section 3 of the Fair Sentencing Act increased the threshold weights of crack cocaine required to subject defendants to a mandatory minimum sentence. The defendant was sentenced for a violation of 21 U.S.C. § 841(b)(1)(C). However, § 841(b)(1)(C) does not contain a mandatory minimum sentence for crack cocaine. Therefore, the Fair Sentencing Act does not affect the defendant's sentence or entitle him to resentencing through the First Step Act. *See Terry v. United States*, 593 U.S. 486, 495 (2021). ("[W]e hold that § 2(a) of the Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses.").

As the government correctly points out in its response in opposition, the defendant was convicted under 21 U.S.C. § 841(b)(1)(C) which is not a "covered" offense, thus he is not eligible for relief under Section 404 of the First Step Act.

## CONCLUSION

For the reasons stated herein, and after carefully considering the applicable law, the arguments of the parties, and the record before it, the court concludes the defendant is not eligible for a reduction under Amendment 782. Neither is the defendant eligible for a reduction in his sentence under Section 404 the First Step Act. Accordingly, the defendant's motion (ECF No. 1312) is respectfully denied.

IT IS SO ORDERED.

August 19, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge